AO 241
REV 6/82

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District | *Eastern* |
|---|---|---|

| Name | *Mike Silvo* | Prisoner No. *310901* | Docket No. |
|---|---|---|---|

**05-6362**
**SECT. C MAG. 3**

Place of Confinement
*Louisiana State Penitentiary*

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED   NOV 8 2005
LORETTA G. WHYTE
CLERK

| Name of Petitioner (include name upon which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| *Mike Silvo* | v. *Warden Burl Cain* |

The Attorney General of the State of: *Charles C. Foti, Jr.*

PETITION

1. Name and location of court which entered the judgment of conviction under attack *22nd District, "D" ST. Tammany Parish, P.O. Box 1090, Covington, La. 70434*

2. Date of judgment of conviction *October 29, 1998*

3. Length of sentence *Life under the Habitual Offender law.*

4. Nature of offense involved (all counts) *Two counts of armed robbery under the La.R.S. 14:64.*

5. What was your plea? (Check one)
   (a) Not guilty ☑
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. Kind of trial: (Check one)
   (a) Jury ☑
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☑

8. Did you appeal from the judgment of conviction?
   Yes ☑ No ☐

Fee 25.⁰⁰
Process
X Dktd
CtRmDep
Doc. No.

(2)

AO 241
REV 6/82

9. If you did appeal, answer the following:

(a) Name of court _Court of Appeal, First Circuit_

(b) Result _Affirmed decision_

(c) Date of result _May 12, 2000_

(d) Grounds raised _Disclosure of confidential informant, suppression of evidence, statement and identification, failing to rule on request to be included in bench conferences, failing to grant mistrial during state's rebuttal argument, and the jury erred in convicting appellant of two (2) counts of a robbery_

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☑ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court _22nd District Court "D", ST. Tammany Parish_

(2) Nature of proceeding _Application for Post-Conviction Relief_

(3) Grounds raised _Denial of effective assistance of Counsel in the videotape evidence and subsequent identification, Pre-trial investigation and defense preparation, communication with defendant prior to and during trial, and the ability to obtain a fair trial and failure to move for continuance._

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☑

(5) Result _Dismissed_

(6) Date of result _August 1, 2003_

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

Afo 241
REV 6/82

(3) Grounds raised _____

_____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☐
(5) Result _____

(6) Date of result _____

(c) As to any third petition, application or motion, give the same information:
(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☐
(5) Result _____

(6) Date of result _____

(d) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes ☑  No ☐
(2) Second petition, etc.    Yes ☐  No ☐
(3) Third petition, etc.      Yes ☐  No ☐
(e) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
     CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241
REV 5/82

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: _____ Denial of Effective Assistance of Counsel. (All grounds raised under ineffective assistance of Counsel)

Supporting FACTS (tell your story *briefly* without citing cases or law): See attached additional pages.and copy of Post-Conviction.

B. Ground two: Conviction obtained by use of evidence pursuant to an unlawful arrest.(under ineffective assistance of Counsel).

Supporting FACTS (tell your story *briefly* without citing cases or law): See attached additional pages.and copy of Post-Conviction.

(5)

AO 241
REV 6/82

C. Ground three: *Conviction obtained by a violation of the privilege against self-incrimination, (under ineffective assistance of counsel).*

Supporting FACTS (tell your story *briefly* without citing cases or law): *See attached additional pages and Copy of Post Conviction.*

D. Ground four *Denial of Client Consultation, (under ineffective assistance of Counsel).*

Supporting FACTS (tell your story *briefly* without citing cases or law): *See attached additional pages and Copy of Post-Conviction.*

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: *All grounds have been presented under Post-Conviction Relief, but broken down concisely by rules of this Honorable Court.*

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐   No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing *Robert J. Stamps Bar #12393, Assistant Public Defender, 639 North Theard St., Covington, La. 70433-2711*

(b) At arraignment and plea

AO 241
REV 6/82

(c)  At trial _____ *ll* _____

_____

(d)  At sentencing _____ *ll* _____

_____

(e)  On appeal  *Martin E. Regan, Jr., 2125 ST. Charles Avenue, New Orleans, LA. 70130*

(f)  In any post-conviction proceeding  *Kevin V. Boshea Bar # 3286, 4209 Canal St., New Orleans, LA. 70119*

(g)  On appeal from any adverse ruling in a post-conviction proceeding  *Kevin Boshea in part. Mike Silvo #310901, LA. State Prison, Angola, LA. 70712*

16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☐  No ☐

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☑  No ☐
(a)  If so, give name and location of court which imposed sentence to be served in the future:  *22 ND Judicial District Court, Sec. "D", ST. Tammany Parish*

(b)  Give date and length of the above sentence:  *October 9, 1998 (sentenced to Six and one-half (6½) years at hard labor)*

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☑  No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

*Mike Silvo #310901, Pro se*
_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

*October 4, 2005*
_____
(date)

*Mike Silvo*
_____
Signature of Petitioner

A. Ground one: DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL. (All grounds raised under ineffective assistance of Counsel).

Supporting FACTS: Defense Counsel's ineffectiveness in conducting adequate trial preparation and in Conducting trial prejudiced defendant where Counsel's incompetence precluded jury from independently judging merits of the case by denying jury Chance to judge credibility of Government's Key witnesses in that witnesses' prior inconsistent statements, different descriptive identifications and their suggestiveness in police reports and preinterview and interview statements towards the procedures of the investigator(s) conducting the interviews of witnesses in the presence of each other were never presented and denied jury the opportunity fairly and fully to judge merits of defense in that corroborating witnesses and evidence favorable to defendant were never investigated.


B. Ground two: USE OF EVIDENCE PURSUANT TO AN UNLAWFUL ARREST.

Supporting FACTS: At trial, during Cross examination of Donald B. Pierce, the defense Counsel himself introduces "Other Crimes" evidence regarding a stolen firearm from Missouri that was Seized in Texas and did not Come back Stolen from

Slidell Pawn Shop, allowing the witness to inform the jury that one of the weapons was stolen in Missouri. (R.pp. 436-437). Also on Cross examination of Katherine Barton, in the Same, "Other Crimes" evidence was introduced as to the Stolen Missouri firearm that was Seized and introduced in trial pursuant to a warrantless rendition/extradition warrant and arrest. (R.pp 486-488). Defense Counsel further failed to file the proper motion to Suppress to the admission of the Missouri firearm.

C. Ground three: VIOLATION OF THE PRIVILEGE AGAINST SELF-INCRIMINATION.

Supporting FACTS: The Bill of Information was read to the jury which Contained multiple aliases and defectiveness. In this case those aliases implied an extensive criminal record. With no witnesses being Called to repute that assertion, the Conclusion of the defendant being a Career Criminal, before any evidence was heard, was placed Squarely in front of the jury. Thus, forcing the defendant to not take the witness Stand in his own behalf because of the prejudice and Self-incrimination against himself, in which he solely wanted to give testimony in his behalf. Now, the jury believes that defendant, with his multiple aliases, has also Committed Crimes in Missouri as well as

Louisiana, Such as robbery etc. With the presentment of the Bill of Information, the damage of its prejudice is almost as if defendant gave testimony as to his prior convictions and arrest record. There exists no probative value in allowing a Bill of Information to be read to the jury which contained multiple aliases. There does not appear to be any strategy associated in not filing a motion to Quash and/or objecting to the Bill of Information as structured. Since the aliases in question directly imply a Substancial Criminal record, this also constitute evidence of other crimes and the denial of a right to self-incrimination. Defense Counsel's inadequate performance is worthy of examination.

D. Ground four: DENIAL OF CLIENT CONSULTATION. Supporting FACTS: Given the nature of the case of the government against Mike Silvo, the necessity for extensive consultation was obvious. Defendant was familiar with a number of the witnesses to be called by the government and could provide information as to his whereabouts around the time the crime was committed. Government's witnesses familiarity with the case set forth in reports, statements and affidavits given to police officials Should have been explored. Mr. Silvo may well have

been able to provide insight into their accuracy and veracity. Communication with defendant was also essential to prepare his trial testimony/defense and to obtain information as to the most likely sources of witnesses and physical evidence which could corroborate his testimony/defense. During the entire pendency of the case, defense counsel had no more than ten (10) minutes of conversation with Mr. Silvo ten (10) months after Silvo's incarceration and two (2) weeks prior to trial; from those ten (10) minutes defense counsel had no notes of his substantive conversation with defendant. Virtually none of the government's massive evidence, reports or the statements given by prospective witnesses were discussed with Mr. Silvo. As a result, any advice defendant might have been able to offer his attorney to better prepare a just defense were lost. Moreover, defense counsel's failure to identify or interview witnesses who were able to corroborate Silvo's whereabouts made it impossible for the jury to make an independent judgment as to whether there was a reasonable doubt regarding Silvo's guilt. Since defense counsel did not adequately interview either his own client or any prospective witnesses, corroboration for Silvo's defense was never developed. Defense counsel's failure to explore or fully exploit such important avenues of defense was clearly incompetent.

Mike Silvo #310901
Camp J Gar 4/L #13
La. State Prison
Angola, LA. 70712

October 4, 2005

Clerk's Office
United States District Court
Eastern District of Louisiana
500 Camp ST., RM. C-151
New Orleans, LA. 70130

Dear Sir/Madame:

My name is Mike Silvo and I'm incarcerated
at the Louisiana State Penitentiary, and I'm
writing in regards of obtaining information
about submitting my Habeas Corpus because
there is no address nor have I heard any-
thing on where the Eastern District will be
located. My deadline is on the 7th of October
to have it in and I don't know what from
what of what to do. So I'm writing to inform
the court that I have every intention on
filing timely, but due to the damage of
Hurricane Katrina it set alot of things back
dealing with the court systems. I'm going to
pay the proper postage and Filing Fee anyway and submit
it to the old address hoping that it gets
re-routed to a proper address for the
Eastern District if there is one. I'm hoping
the backlog of mail doesn't affect my Habeas.

Respectfully Submitted,
Mike Silvo

# The Supreme Court of the State of Louisiana

**STATE EX REL. MIKE SILVO**

VS.                                                  NO.   2004-KH-2766

**STATE OF LOUISIANA**

– – – – – –

IN RE:  Silvo, Mike; - Plaintiff; Applying for Supervisory and/or
Remedial Writs, Parish of St. Tammany,  22nd Judicial District Court
Div. D, Nos. 286137; to the Court of Appeal, First Circuit, No. 2004
KW 0870

– – – – – –

**August 19, 2005**

Denied.

JPV

PFC

CDK

BJJ

CDT

JTK

WEIMER, J.,  Recused.

Supreme Court of Louisiana
August 19, 2005

Deputy   Clerk of Court
For the Court

# CIVIL COVER SHEET

**05-6362**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I.(a) PLAINTIFFS**
MIKE SILVO

**DEFENDANTS**
WARDEN BURL CAIN

**SECT. C MAG. 3**

**(b)** County of Residence of First Listed Plaintiff:
**(Except in U.S. Plaintiff Cases)**

County of Residence of First Listed Defendant:
**(IN U.S. PLAINTIFF CASES ONLY)**
Note:  In land condemnation cases, use the location of the tract of land involved.

**(c)** Attorneys (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION          (Place an "X" in one box only)

[ ] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[X] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES

(For Diversity Cases Only)    (Place an "X" in one box for plaintiff and one box for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated & Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN          (Place an "X" in one box only)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (Specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT          (Place an "X" in one box only)

### CONTRACT

[ ] 110 Insurance
[ ] 120 Marine
[ ] 130 Miller Act
[ ] 140 Negotiable Instrument
[ ] 150 Recovery of Overpayment & Enforcement Judgment
[ ] 151 Medicare Act
[ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
[ ] 153 Recovery of Overpayment of Veteran's Benefits
[ ] 160 Stockholders' Suits
[ ] 190 Other Contract
[ ] 195 Contract Product Liability

### TORTS

**Personal Injury**
[ ] 310 Airplane
[ ] 315 Airplane Product Liability
[ ] 320 Assault Libel & Slander
[ ] 330 Federal Employers' Liability
[ ] 340 Marine
[ ] 345 Marine Product Liability
[ ] 350 Motor Vehicle
[ ] 355 Motor Vehicle Product Liability
[ ] 360 Other Personal Injury

**Personal Injury**
[ ] 362 Personal Injury - Med. Malpractice
[ ] 365 Personal Injury - Product Liability
[ ] 368 Asbestos Personal Injury Product Liability

**Personal Property**
[ ] 370 Other Fraud
[ ] 371 Truth in Lending
[ ] 380 Other Personal Property Damage
[ ] 385 Property Damage Product Liability

### FORFEITURE/PENALTY

[ ] 610 Agriculture
[ ] 620 Other Food & Drug
[ ] 625 Drug Related Seizure of Property 21USC881
[ ] 630 Liquor Laws
[ ] 640 R.R. & Truck
[ ] 650 Airline Regs.
[ ] 660 Occupational Safety/Health
[ ] 690 Other

### BANKRUPTCY

[ ] 422 Appeal 28 USC 158
[ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS

[ ] 820 Copyrights
[ ] 830 Patent
[ ] 840 Trademark

### OTHER STATUTES

[ ] 400 State Reapportionment
[ ] 410 Antitrust
[ ] 430 Banks & Banking
[ ] 450 Commerce/ICC Rates/etc.
[ ] 460 Deportation
[ ] 470 Racketeer Influenced & Corrupt Organizations
[ ] 810 Selective Service
[ ] 850 Securities/Commodities Exchange
[ ] 875 Customer Challenge 12 USC 3410
[ ] 891 Agricultural Acts
[ ] 892 Economic Stabilization Act
[ ] 893 Environmental Matters
[ ] 894 Energy Allocation Act
[ ] 895 Freedom of Information Act
[ ] 900 Appeal of Fee Determination Under Equal Access to Justice
[ ] 950 Constitutionality of State Statutes
[ ] 890 Other Statutory Actions

### REAL PROPERTY

[ ] 210 Land Condemnation
[ ] 220 Foreclosure
[ ] 230 Rent Lease & Ejectment
[ ] 240 Torts to Land
[ ] 245 Tort Product Liability
[ ] 290 All Other Real Property

### CIVIL RIGHTS

[ ] 441 Voting
[ ] 442 Employment
[ ] 443 Housing/Accommodations
[ ] 444 Welfare
[ ] 440 Other Civil Rights

### PRISONER PETITIONS

[ ] 510 Motions to Vacate Sentence
[X] 530 Habeas Corpus: General
[ ] 535 Death Penalty
[ ] 540 Mandamus & Other
[ ] 550 Civil Rights

### LABOR

[ ] 710 Fair Labor Standards Act
[ ] 720 Labor/Mgmt. Relations
[ ] 730 Labor/Mgmt. Reporting & Disclosure Act
[ ] 740 Railway Labor Act
[ ] 790 Other Labor Litigation
[ ] 791 Empl. Ret. Inc. Security Act

### SOCIAL SECURITY

[ ] 861 HIA (1395ff)
[ ] 862 Black Lung (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID Title XVI
[ ] 865 RSI (405(g))

### FEDERAL TAX SUITS

[ ] 870 Taxes (U.S. Plaintiff or Defendant)
[ ] 871 IRS - Third Party 26 USC 7609

## VI. CAUSE OF ACTION

(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

### 28 USC 2254   (NATURE OF SUIT: 530)

## VII. REQUESTED IN COMPLAINT:

Check if this is a **CLASS ACTION**
[ ] under F.R.C.P.23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND   [ ] YES   [ ] NO

## VIII. RELATED CASE(S) IF ANY

(See Instructions):

Judge

Docket Number

DATE

SIGNATURE OF ATTORNEY OF RECORD