UNITED STATES DISTRICT COURT

EAST£RN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 MAR -7 PM 3: 36
LORETTA G. WHYTE
CLERK

| | |
|---|---|
| MIKE SILVO, #310901 | CIVIL ACTION |
| VERSUS | NO. 05-6362 |
| BURL CAIN, WARDEN | SECTION:"C"(3) |

## MEMORANDUM IN OPPOSITION TO APPLICATION FOR HABEAS CORPUS

### STATEMENT OF THE CASE

Petitioner, Mike Silvo, is a state court prisoner incarcerated as a result of convictions on two counts of armed robbery, R.S. 14:64. Petitioner was declared to be a habitual offender based on one of the convictions and was sentenced to life in prison without benefit of parole, probation or suspension of sentence. He has a concurrent sentence of ninety-nine years at hard labor without benefits also. Petitioner's direct appeal to the Firs Circuit Court of Appeal was affirmed on May 12, 2000, #99-KA-1242 (unpublished opinion). The Louisiana Supreme Court denied his writ on March 30, 2001, #2000-KA-1654. Petitioner's application for post conviction

relief was filed on March 28, 2003. After the trial court denied this application, on August 1, 2003, defendant presented his claims to both the First Circuit Court of Appeal and the Louisiana Supreme Court which denied his writ on August 19, 2005, #2004-KH-2766. It appears under the mailbox rule that petitioner filed his federal habeas petition on October 4, 2005. The date on the post office stamp of his envelope is not readable. Petitioner has exhausted the claims raised herein and the respondent provides a copy of the state court record. An evidentiary hearing is not necessary to resolve the issues.

## STATEMENT OF THE FACTS

The facts of the offense are found in the opinion **State v. Silvo**, 99-1242 (La. App. 1 Cir. 5/12/00) (opinion unpublished). This opinion can be found in the third volume of the record, labeled "All filings after conviction."

## ISSUES

1. Ineffective Assistance of Counsel Because There Was Inadequate Trial Preparation.

2. Use of Evidence Obtained Incident to an Unlawful Arrest.

3. Violation of the Privilege Against Self Incrimination.

2

4.Denial of Client Consultation.

5.Whether the Petition Is Timely Filed.

## LAW AND ARGUMENT

### Timeliness

Generally, the Anti-Terrorism and Effective Death Penalty Act of 1996 requires that a petitioner bring his Section 2254 claim within one year of the date on which his conviction or sentence became final. 28 U.S.C. Section 2244(d)(1)(A). As previously noted, the Louisiana Supreme Court denied petitioner's writ challenging the immediate appellate court's judgment affirming his convictions and sentences on March 30, 2001. Therefore, pursuant to the AEDPA, petitioner's one year period for seeking federal habeas corpus relief commenced no later than ninety days after the Louisiana Supreme Court's judgment, when his time for filing a petition for a writ to the United States Supreme Court expired, or June 28, 2002. Petitioner's case became final on June 28, 2001. See **Roberts v. Cockrell**, 319 F. 3d 690 (5th Cir. 2003). Accordingly, petitioner's federal habeas corpus statute of limitations expired one year later, on June 28, 2002, unless that deadline was extended through either statutory or equitable tolling.

The AEDPA provides that the statute of limitations is tolled for the period of time for which a properly filed application for state post conviction relief or other collateral review attacking a conviction or sentence is pending in state court. **Fields v. Johnson**, 159 F. 3d 914 (5th Cir. 1998). However, from June 28, 2001 until June 28, 2002, petitioner had no application for post conviction relief or other collateral review pending in state court to toll the AEDPA's one year statute of limitations. Petitioner did not file his application for post conviction relief until nine months later on March 28, 2003.

The court must next consider the possibility of equitable tolling. The United States 5th Circuit Court of Appeal has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances be equitably tolled. **Davis v. Johnson**, 158 F. 3d 806 (5th Cir. 1998). However, equitable tolling applies principally where the plaintiff is actively mislead by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. **Coleman v. Johnson**, 184 F. 3d 398 (5th Cir. 1998). There is no evidence in the record that would support equitable tolling of the statute of limitations regarding this petitioner's federal application for habeas corpus relief. Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for habeas corpus relief is untimely and should be dismissed with prejudice.

## CONCLUSION

The federal petition for habeas corpus relief filed by Mike Silvo should be dismissed with prejudice as untimely filed.

RESPECTFULLY SUBMITTED:

*[signature]*
DOROTHY A. PENDERGAST
Bar No. 9679
Special Appeals Counsel
St. Tammany District Attorney
4524 Wilson Drive
Metairie, Louisiana 70003
(504) 885-3503, 468-7269

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing has been served on all parties by placing same in the United States Mail, postage prepaid, the __1__ day of __March__, 2006.

*[signature]*
DOROTHY A. PENDERGAST