IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
Eastern District of Louisiana
FILED MAR 29 2006
LORETTA G. WHYTE
Clerk

MIKE SILVO 310901

VERSUS

BURL CAIN

CIVIL ACTION

NO. 05-6362

SECTION: SEC. C MAG. 3

## LEGAL MEMORANDUM OF LAW IN SUPPORT OF TRAVERSE/OBJECTION

COMES NOW, the petitioner, MIKE SILVO 310901, in proper person who submits the instant traverse/objection for the Attorney General's and District Attorney's answer/response to the Habeas Corpus petition filed on behalf of Mike Silvo and alleges:

### I.   BACKGROUND

In the underlying case, Mike Silvo, petitioner before the bar, was charged by bill of information filed in the Twenty-Second Judicial District Court under Case NO.; 286137. The matter was allotted to Division "D" before the Honorable Peter J. Garcia.

Mr. Silvo was charged with five violations of La. R.S. 14:64, relative to armed robbery, two violations of La. R.S. 14:27(30.1), relative to attempted murder, and three violations of La. R.S. 14:44.1 relative to

Fee_____
___Process_____
X Dktd_____
X CtRmDep_____
Doc. No._____

1.

second degree kidnapping. The petitioner was tried for two (2) counts of armed robbery for which he was found guilty as charged. The post-verdict motions, including a motion for new trial, were denied.

The State of Louisiana filed a Habitual Offender Information charging the petitioner as being a third felony offender. After a hearing, the petitioner was found to be a third felony offender pursuant to La. R.S. 15:529.1. The trial court vacated the previously imposed ninety-nine (99) concurrent sentence and as to one count (5), sentenced the petitioner to life imprisonment without benefit of parole, probation or suspension of sentence.

The petitioner was represented at trial by Mr. Mr. Robert J. Stamps of the Public Defendant's Office. On appeal, filed in the Court of Appeals, First Circuit, under Case No; 99-KA-1242, the petitioner was represented by Martin Reagan. On May 12, 2000, the Court of Appeals affirmed the conviction and sentences of this matter.

An application for supervisory writs to the Supreme Court of Louisiana was denied on March 30, 2001. Pursuant to article 930.8, the petitioner has filed an Application for Post Conviction Relief that required perfecting before the prescriptive period imposed by the sentencing judge, the petitioner was represented by Kevin Boshea in this matter.

2.

The State of Louisiana was ordered to respond to the application on April 4, 2003. A formal response was filed by the State of Louisiana.

On August 1, 2003, the District Court issued an order dismissing the Application for Post Conviction Relief. The clerk of Court failed to notify Counsel for the petitioner of this ruling.

During routine inventory of the clerk's office, Counsel was made aware of the August 2003 ruling. As a result a notice of Intent and Motion for extension of time was filed on March 10, 2004.

The District Judge reviewed the motion and on March 25, 2004 granted Counsel for the petitioner until April 25, 2004 to file its writ application.

An application for Supervisory Writs to the Court of Appeal, First Circuit was denied on September 7, 2004. Under the rules of procedure Mr. Silvo filed a petition for Extraordinary Writs that required perfecting by October 7, 2004 to the Louisiana Supreme Court.

A petition for Extraordinary Writs to the Louisiana Supreme Court was denied in late August of 2005.

In early October Mr. Silvo filed a petition for Habeas Corpus Relief with a letter for guidance dated October 4, 2005 to the United States District Court, Eastern District of Louisiana.

On December 12, 2005 the U.S. District Court, Eastern District of Louisiana ordered the Attorney General

and District Attorney to file a response to the habeas Corpus application within (30) days of the order. The state was awarded two (2) extensions upon order. The state filed its response on March 1, 2005.

## II. REASONS FOR SUFFICIENT HOLDINGS ON CAUSE-AND-PREJUDICE RULE

SUBSTANTIVE CLAIM THAT MISSTATEMENT OF LAW UNDER PROVISIONS OF 930.8 VIOLATES RIGHT TO PETITION AND RIGHT TO DUE PROCESS.

A. <u>Extraordinary Circumstances For Equitable Tolling</u>

The state's respondant argues that, the petitioner exhausted his claims set forth in habeas Corpus petition, but has failed to meet one year period for seeking federal habeas review under the Anti Terrorism and Effective Death Penalty Act of 1996. 28 U.S.C. Section 2244(d)(1)(A).

The United States 5th Circuit Court of Appeal has held that the AEDPA's Statue of limitations can, in rare and exceptional circumstances be equitably tolled. <u>Davis v. Johnson</u>, 158 F.3d 806 (5th Cir. 1998). However, equitable tolling applies principally where the plaintiff is actively mislead by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. <u>Coleman v. Johnson</u>, 184 F.3d 398 (5th Cir. 1998).

4.

In response to the States answer, the Petitioner objects that the State's response cannot rest upon the provisions 28 U.S.C Section 2244(d)(1)(A), because the trial court erred in failing to properly advise the petitioner of the prescriptive period for post conviction relief in the original sentence on the underlying offenses, where, at sentencing, judge advised petitioner for post conviction relief that he had "three years for any and all petitions for post conviction relief," rather than specifically advising petitioner that he had three years after judgment of conviction and sentence became final.

Paragraph C of LSA-C.Cr.P. art. 930.8 instructs the trial judge to inform defendant at time of sentencing of the prescriptive period for post conviction relief.

In the instant case, petitioner further argues that, when the judge originally sentenced him to a term of 99 yrs. on each offense of armed robbery to run concurrently on January 5, 1999, he advised the petitioner that he had "three years to file any and all petitions for post conviction relief."(R.p.574).

The petitioner argues that the sentencing judge should have specifically advised him that he had three years after the judgment of conviction and sentence has become final.

Thus, allowing petitioner by basic right to due process of law, right of petition for a redress of

5.

grievances, right to judicial review and proper access to the courts.

Petitioner further submits, that trial court denied him right to meet time limitations by delay from misstatement of the law and did not discover the injury until the State's filing response to his habeas corpus claim addressing the expired limitations period. Equitable tolling of the time limitations for filing federal habeas relief is appropriate when sentencing judge was accounted to instruct the correct statement of law regarding the prescriptive period for post conviction relief and habeas corpus relief. This result would not have occurred if petitioner would have been fully informed of the correct statement of law to petition.

A State prisoner must present evidence of Cause-and-prejudice if the federal habeas court is to excuse the procedural default. Compare Russell v. Collins, 944 F.2d 202, 203 (5th Cir.). However, in this case, the petitioner has established <u>Cause</u> in that he was misled by state court as to his right to petition and proper notice of access rights. Also, that he was <u>prejudiced</u> by denial of meaningful access right to full petition of the habeas system. 28 U.S.C.A § 2254; U.S.C.A. Const. Amends. 1; 5; 14.

Petitioner further asserts that: (1) He did not deliberatively bypass the orderly procedure of the state courts (2) State Court did not strictly or regularly follow procedural bar rule in sentencing for defaulted

6.

claims or federal habeas delay. (3) Fedal habeas law was unavailable to petititioner at the time of sentencing and notice of appeal was filed into record. (4) Habeas review is not precluded by erroneous State Court's misstatement of the law. (5) State Court had not rested its judgment on procedural default rules and did not reach AEDPA requirements for procedural bar.

Petitioner finally submits, that he has exhausted his claims under ineffective assistance of counsel which would be grounds for reversal, new trial or evidentiary hearing.

## CONCLUSION

The Petitioner ask that this Traverse/objection be reviewed, found with merit on cause-and-prejudice and grant habeas Corpus relief filed by the petitioner, Mike Silvo, on the grounds set forth.

Respectfully Submitted:
Pro Se by: _Mike Silvo #310901_
Mike Silvo #310901
Camp C Jaguar 3/L
La. State Penitentiary
Angola, La. 70712

7.