U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  APR 10 2008

LORETTA G. WHYTE
CLERK

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 06-30949
USDC No. 2:05-CV-6362

U.S. COURT OF APPEALS
FILED
APR 09 2008
CHARLES R. FULBRUGE III
CLERK

MIKE SILVO

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

Respondent-Appellee

---

Appeal from the United States District Court
for the Eastern District of Louisiana

---

O R D E R:

    Mike Silvo, Louisiana prisoner # 310901, seeks a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2254 application. Silvo filed the application to challenge his life sentence for two armed robbery convictions. Although the district court found Silvo's § 2254 application to be untimely filed, the court invoked equitable tolling and addressed the merits of Silvo's ineffective assistance of counsel claims. Silvo reasserts his ineffective assistance of counsel claims before this court. In response to a letter sent by this court advising Silvo that the court will consider sua sponte whether his § 2254 application was timely filed, Silvo has filed a supplemental brief addressing the timeliness issue. He contends that he is entitled to equitable tolling based on

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

the state trial court's admonition at his sentencing hearing regarding the statute of limitations for seeking post conviction relief.

"This Court may affirm the denial of habeas relief on any ground supported by the record." *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000). A district court's decision to invoke equitable tolling is reviewed for an abuse of discretion. *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). A review of the sentencing transcript does not lend support to the district court's determination that the state trial court misled Silvo to believe that he had three years to seek state post conviction relief, as well as federal habeas relief. The trial court specifically admonished Silvo in accordance with Louisiana law. *See* LA. CODE. CRIM. PROC. ANN. art. 930.8 (1999). Any erroneous interpretation of the trial court's admonishment was on the part of Silvo and does not warrant equitable tolling. *See Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002). Nor was the trial court's admonishment, required by Louisiana law, a "rare and exceptional circumstance," as virtually all Louisiana prisoners are so admonished. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1000).

The district court abused its discretion in applying equitable tolling. Because Silvo has failed to show that his § 2254 application was timely filed, his request for a COA is DENIED.

EDITH BROWN CLEMENT
UNITED STATES CIRCUIT JUDGE

2